# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-23491-BLOOM/Louis

AIJDE WANOUNOU, INC.,

    Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff Aijde Wanounou, Inc. ("Plaintiff") originally filed this breach of insurance contract action on April 13, 2020, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1] ("Complaint"). On August 21, 2020, Defendant Scottsdale Insurance Company ("Defendant") timely removed the case to federal court. ECF No. [1] ("Notice"). The Court has carefully reviewed the Notice, the underlying Complaint, the record in this case, and the applicable law, and is otherwise fully advised.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). In determining whether subject-matter jurisdiction exists, the Court must focus on the amount in controversy *at the time of removal*, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *see also Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939))).

Furthermore, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)). Accordingly, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also Lexington-Fayette Urban Cty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816-17 (6th Cir. 2004) ("A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." (citation omitted)). As such, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

Case No. 20-cv-23491-BLOOM/Louis

The Notice in the instant action states that subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a) on the basis of the parties' diversity of citizenship. ECF No. [1] ¶ 3. The Notice states that Defendant is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio. *Id.* ¶ 8. Further, the Notice alleges that Plaintiff is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business in the State of Florida. *Id.* ¶ 7. Thus, the parties are diverse.

Additionally, Defendant contends that, though the Complaint alleges damages in excess of $30,000.00, the amount in controversy in this case actually exceeds $75,000.00, which is based upon a settlement demand Defendant received from Plaintiff's counsel on August 13, 2020. *Id.* ¶ 5. In the attached settlement correspondence, ECF No. [1-2], Plaintiff's counsel makes the following settlement demand, at defense counsel's request:

> [My client has] spent close to a million dollars having to fix the property since the fire. A good portion was necessitated by the building officials requiring certain upgrades and changes as a result of the loss. During the reconstruction period the complex has not been rentable and still is not as of today. I don't believe the [Public Adjuster's $30,297.10] estimate is an accurate reflection of the true damage to the property and cost to repair same. However, at this time [my client has] authorized me to make a demand for $75,000.00. This amount is exclusive of and does not include any portions of the claim that have been assigned under an assignment of benefits (AOB) to any third party vendor, to the extent any exist."

ECF No. [1-2] at 1. Defendant asserts that this settlement demand establishes the existence of diversity jurisdiction because the demand satisfies the amount-in-controversy requirement.

> Although a settlement demand can suffice to show the amount in controversy, it must be supported by evidence that clearly shows that a plaintiff's claim exceeds the jurisdictional amount set forth in the statute "exclusive of interest and costs." 28 U.S.C. § 1332(a). A defendant can demonstrate that the jurisdictional amount is met by submitting supporting documentation, such as affidavits, discovery filings, or other correspondence between the parties. *E.g.*, *Mitzelfeld v. Safeco Ins. Co. of Illinois*, No. 9:15-cv-80381, 2015 WL 11348283, at *1 (S.D. Fla. May 22, 2015) ("While Plaintiff is correct that settlement demands are not determinative, the settlement demand here went into great detail as to Plaintiff's damages, including surgery and a finding of permanent disability after the accident."). Where demand letters reflect only "'puffing and posturing' without

> providing 'specific information to support plaintiff's claim for damages,' they do not establish the requisite amount in controversy." *Lengyeltoti v. Starbucks Coffee Co. & Dart Container Corp.*, No. 16-cv-60213, 2016 WL 10953065, at *1 (S.D. Fla. May 18, 2016) (quoting *Boyd v. The Northern Trust Co.*, No. 8:15-cv-2928, 2016 WL 640529 (M.D. Fla. Feb. 18, 2016) (remand was required where plaintiff did not attach any additional evidence or documentation)).

*Coopersmith v. Scottsdale Ins. Co.*, No. 18-cv-23382, 2019 WL 1252627, at *2 (S.D. Fla. Mar. 19, 2019).

Thus, "[a] settlement offer will only be entitled to additional weight when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim." *Perkins v. Merion Realty Servs., LLC*, No. 2:14-cv-1171-WKW, 2015 WL 998198, at *2 (M.D. Ala. Mar. 6, 2015) (citing *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256-57 (N.D. Ga. 1996); *Golden Apple Mgmt. Co. v. Geac Comps., Inc.*, 990 F. Supp. 1368 (M.D. Ala. 1998)). "A written settlement demand is usually afforded 'little weight' in the absence of specific information on the basis of the demand." *Simpson v. Primerica Life Ins., Co.*, No. 2:15-cv-777-WKW-PWG, 2015 WL 9315658, at *9 (M.D. Ala. Dec. 3, 2015) (footnote omitted), *report and recommendation adopted*, No. 2:15-cv-777-WKW, 2015 WL 9413876 (M.D. Ala. Dec. 22, 2015).

Here, Defendant relies solely on the amount requested in the settlement demand, without any further specification or breakdown of this amount, to support its contention that the amount in controversy is met. However, in order to establish diversity jurisdiction, the amount in controversy must *exceed* $75,000.00. 28 U.S.C. § 1332(a). Further, to the extent that Defendant relies entirely on the attached $75,000.00 settlement demand, *see* ECF No. [1] at ¶¶ 5-6; ECF No. [1-2] at 1, this is inadequate. *See generally Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 WL 3632794, at *3 (S.D. Fla. Sept. 14, 2010) ("settlement offers may not be determinative, in and of themselves, of the amount in controversy"); *Mick v. De Vilbiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK,

2010 WL 5140849, at *2 (M.D. Fla. Dec. 14, 2010) ("Indeed, not every demand letter is persuasive in determining the amount in controversy. A demand letter devoid of facts enabling the receiver to evaluate the claim may be considered nothing more than mere posturing." (internal quotation marks and citation omitted)).

Generally, the "Court gives preference to the plaintiff's own assessment of the value of [his] case." *Castellanos v. Target Corp.*, No. 10-62456-CIV, 2011 WL 384292, at *3 (S.D. Fla. Feb 3, 2011). Nevertheless, Defendant makes no attempt here to demonstrate that the settlement demand is not merely "puffing and posturing," but rather represents a reasonable assessment of the value of Plaintiff's claims in this case. *See Lengyeltoti*, 2016 WL 10953065, at *1; *Perkins*, 2015 WL 998198, at *2. Further aggravating this lack of specific information regarding the basis of the demand are the drastically different amounts referenced in the Notice and the settlement correspondence. *See* ECF No. [1] ¶ 4 (allegation in Plaintiff's Complaint that the amount of damages in this case are in excess of $30,000.00); ECF No. [1-2] at 1 (noting that Plaintiff allegedly spent "close to a million dollars" on property repairs, but only demanding $75,000.00 to settle the claims in this case); *id.* at 4 (detailing the calculations for the Public Adjuster's estimated remaining balance of $30,297.10). Given the significant variance across these amounts, the Court is unpersuaded that the amount in controversy here exceeds $75,000.00.

In the absence of supporting evidence, mere beliefs and speculations regarding the general settlement demands are insufficient. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007). "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars. Neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Justice v. Jeff Lindsey Cmty., Inc.*, No. 3:10-cv-888-WKW, 2011 WL 744773,

5

at *3 (M.D. Ala. Feb. 25, 2011) (quoting *Lowery*, 483 F.3d at 1215); *see also Sibilia v. Makita Corp.*, No. 8:09-cv-2324-T-30AEP, 674 F. Supp. 2d 1290, 1292-93 (M.D. Fla. 2009) (finding insufficient and rejecting as "mere speculation" the defendant's contention that "the severe nature of Plaintiff's injuries and the damages Plaintiff seeks[] make it clear that Plaintiff's damages exceed[] $75,000"). Here, the settlement demand submitted in support of removal cannot satisfy Defendant's burden of establishing by a preponderance of the evidence that the amount in controversy is met. *Montanez v. E. Coast Waffles, Inc.*, No. 17-cv-60725, 2017 WL 2543825, at *3-4 (S.D. Fla. June 13, 2017). The Court therefore concludes that it lacks subject-matter jurisdiction over the instant action.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, August 26, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record